```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 07-80967-CIV-ZLOCH
```

TIMOTHY WILLIAMS,

      Plaintiff,

vs.                                                    **O R D E R**

BRIDGESTONE/FIRESTONE, INC.,
et al.,

      Defendants.
_____/

      THIS MATTER is before the Court upon Defendants' Renewed Motion For Dismissal Without Prejudice As A Sanction For Plaintiff's Failure To Comply With The Court's Orders (DE 52). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      This case has been marked by Plaintiff's disregard of the Federal Rules of Civil Procedure and this Court's Orders. On the eve of 120 days expiring from the time Plaintiff filed his Complaint, he filed a Motion For Thirty Day Extension Of Time To Serve Defendants, in which Plaintiff represented it "would be the last motion for an extension of time to serve the Defendants." DE 3, p. 2. The Court freely granted the Motion. DE 4. Prior to the expiration of those thirty days, Plaintiff then filed a Second Motion For Ten Day Extension Of Time To Serve Defendants. DE 5. The Court freely granted that Motion and required service to be effected by noon on Tuesday, March 27, 2008 and the filing of a return of service with the Clerk of Court by the same deadline. DE 6. The Court warned that

failure to comply would result in a dismissal of the above-styled cause without prejudice. Id. at 2. On Wednesday, March 28, 2008, having received no return of service in the record, the Court dismissed the case without prejudice. DE 7. On April 2, 2008, Plaintiff filed returns of service dated March 20, 2008. DE Nos. 8 & 9.

On April 11, 2008, Plaintiff filed a Motion For Rehearing requesting the Court to vacate its Final Order Of Dismissal because the statute of limitations would bar Plaintiff from refiling the case, and thus the Court's prior Order would have a prejudicial effect. DE 11. The Court freely granted this Motion and reopened the case. DE 19. Defendants then filed a Motion For More Definite Statement requesting specific information about the brand, model, size and serial number of the tire, the make and model of the vehicle involved, and a description of the manufacturing defect alleged by Plaintiff. DE 20. Defendants sought this information to determine whether the case was proper for removal to Multidistrict Litigation.

Plaintiff filed its More Definite Statement, however, it lacked the information sought by Defendants. DE 22. Thus, Defendants filed a subsequent Motion and additionally requested production of the tire for inspection. DE 23. Plaintiff requested two extensions of time within which to file its More Definite Statement and to produce the tire for inspection. DE Nos. 25 & 27. And ultimately, Plaintiff did not send the tire to Defendants until two weeks after the Court's last deadline. DE 32.

The next issue requiring the Court's intervention is the now pending discovery debacle. On July 21, 2008, Defendants propounded two discovery requests, a Request For Production and Interrogatories. After thirty days passed from the time Defendants propounded their discovery requests, Plaintiff filed a Motion For Fifteen Day Extension Of Time To Respond. DE 39. The Court denied this Motion finding that Plaintiff waived its right to object by not doing so within the thirty-day time-frame provided in the Federal Rules of Civil Procedure and ordered Plaintiff to file responses by noon on August 27, 2008. DE 41. Upon Plaintiff's failure to comply with the Court's Order, Defendants filed a Motion For Sanctions requesting dismissal of the case. DE 42. The Court granted the Motion in part and compelled the production of responses to Defendants Requests For Production and Interrogatories, and the Court ordered Defendants to file a Memorandum establishing the attorney's fees they were entitled to under Rule 37. Defendants failed to file said Memorandum.

On September 19, 2008, Plaintiff filed Notices of Compliance that indicated he followed the Court's Order. DE Nos. 46 & 47. However, on October 3, 2008, after having attempted to confer with Plaintiff by phone, fax, and letter, Defendants filed a Second Motion For Sanctions indicating that they had not yet received answers to their Interrogatories. DE 48. The Court ordered Plaintiff to respond to the Motion so that the Court could fully understand whether Plaintiff did in fact send the answers as represented in his Notice Of Compliance, or whether that was a misrepresentation. DE 49. However,

3

Plaintiff failed to respond to the Court's Order. Thus, the Court entered a third Order compelling the Plaintiff to answer the Interrogatories by noon on October 17, 2008. DE 51. Once again, the Court sought to effect a graduated sanction, lesser than outright dismissal of this action, because the Court is well aware that dismissal is a harsh remedy to be used only as a last resort. See Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639 (1976). Thus, the Court ordered Defendants to file a Memorandum establishing the attorney's fees incurred, but Defendants again failed to file a memorandum as directed.

Defendants share the blame for the difficulties they have endured because on two separate occasions they were ordered to file a Memorandum establishing attorney's fees and failed to do so. Had the Court previously imposed a sanction against the Plaintiff's attorney, it is likely that he would have begun to comply with Defendants' discovery requests. Additionally, the prior imposition of a sanction would have established a factual background of Plaintiff's disobedience and disregard of the Federal Rules of Civil Procedure and this Court's Orders, such that a sanction lesser than dismissal would be clearly insufficient.

Now Plaintiff is in violation of the Court's third Order compelling the filing of answers to Defendants' Interrogatories, and Defendants once again seek the ultimate sanction of dismissal. DE 52. Despite the Court's three prior Orders, Plaintiff has utterly failed to file Answers to Defendants' Interrogatories. And now over one

month has passed since Plaintiff represented to the Court that he complied with the Court's Order to file answers. DE 47. The Court is inclined to dismiss the above-styled cause with prejudice due to Plaintiff's failures, but it is aware that sanctions should be graduated. Therefore, the Court will once again order Plaintiff to file his Answers to Interrogatories and once again order Defendants to file a Memorandum establishing the attorney's fees incurred in its Motions (DE Nos. 42, 48 & 52). If Defendants fail to comply, they will be deemed to have waived any and all claims for sanctions regarding Plaintiff's failure to comply with the Court's Orders.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Defendants' Renewed Motion For Dismissal Without Prejudice As A Sanction For Plaintiff's Failure To Comply With The Court's Orders (DE 52) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. By noon on Friday, October 31, 2008, Plaintiff shall provide Defendants with full and complete answers to Defendants' Interrogatories;

2. Upon Plaintiff's failure to fully comply with this Order, the Court shall enter more severe sanctions against the Plaintiff Timothy Williams, and the Court shall sanction Plaintiff's counsel by levying additional attorney's fees, upon the appropriate notice and motion by Defendants;

3. The Court shall award attorney's fees incurred in the preparation and execution of Defendants' Motions (DE Nos. 42, 48 & 52), and the cost shall be borne solely by Plaintiff's Counsel Harry E. Geissinger, III;

4. By <u>noon</u> on <u>Friday, October 31, 2008</u>, Defendants shall file a Memorandum with all necessary Affidavits and Exhibits as dictated by Local Rule of the Southern District of Florida 7.3.B, establishing for the Court the attorney's fees and costs incurred in the preparation and execution of their Motions (DE Nos. 42, 48 & 52); and

5. <u>Upon failure of Defendants to comply with this Order, they shall be deemed to have waived any claim for sanctions against Plaintiff with regard to Plaintiff's failure to comply with Defendants' discovery requests</u>; and

6. In all other respects, the instant Motion, be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _28th_ day of October, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record