```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 07-80967-CIV-ZLOCH
```

TIMOTHY WILLIAMS,

      Plaintiff,

vs.                                                  **O R D E R**

BRIDGESTONE/FIRESTONE, INC.,
et al.,

      Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff's Motion To Compel Defendants To Return Tire To Plaintiff To Be Examined By Expert (DE 66). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    This is a product liability case involving a tire blowout filed against the manufacturer of the tire. As such, Plaintiff's success depends on his ability to prove the tire was defective. The Court's Order For Pre-trial Conference (DE 35) set out the critical dates the Parties must comply with "under penalty of dismissal or other sanction." DE 35, p. 1 (emphasis omitted). Specifically, the Order required the Parties to exchange the resumes and reports of experts seventy days prior to Pre-trial Conference, which is scheduled for May 8, 2009. Id. Plaintiff does not dispute his failure to exchange an expert report. In fact, his Response (DE 65) implies both that he has failed to disclose an expert report, and no expert has analyzed the tire for him. Instead, Plaintiff blames the Defendants for this failure. Although it is hard to imagine that the case could have

reached this stage of litigation without Plaintiff having commissioned expert analysis, the Court is not in the least surprised by this development.

This is not the first time Plaintiff has been admonished for failing to meet deadlines imposed by the Federal Rules of Civil Procedure and this Court's Orders.  Throughout this case, there have been several incidents requiring the Court's attention and reprimand.  These can be broken down into three categories: 1) failure to effect service of process; 2) failure to file a more definite statement; and 3) failure to respond to discovery requests.  A prior Order (DE 53) detailed the history of Plaintiff's disregard of the Federal Rules and several of this Court's Orders.  Without repeating that Order in its entirety, the Court draws attention to the fact that Plaintiff did not submit full and complete responses to Defendants' First Set Of Interrogatories until four Court Orders compelled him to do so.  See DE Nos. 41, 45, 51 & 53.  Notwithstanding Plaintiff's flaunting of Court Orders, the Court did not levy the ultimate sanction: dismissal of this action.

It is against this backdrop that Plaintiff claims Defendants are at fault for his failure to exchange an expert report.  One need only carefully inspect the docket to see the full picture. Plaintiff filed his Complaint (DE 1) on October 16, 2007, the last day before the statute of limitations ran on his claim regarding a motor vehicle accident that occurred on October 17, 2003.  Over 120 days passed before Plaintiff effected service of process on one of the largest

tire manufacturers in the world, Bridgestone/Firestone, Inc. Then another few months passed by before Plaintiff shipped the tire to Defendants for inspection on July 23, 2008. Thus, Plaintiff had the tire in his possession for nine months <u>after</u> he filed the Complaint. Further, it can be fairly presumed that Plaintiff was in possession of the tire for quite some time prior to the filing of the Complaint. And it is fair to inquire whether Plaintiff could have had a good-faith basis for filing this case, alleging a defective tire caused his injury, without <u>first</u> seeking an expert's opinion.

Although it is within the Court's discretion to preclude Plaintiff from calling an expert at trial due to counsel for Plaintiff's negligence in handling this case, the Court's preference is to resolve this case on the merits. However, if Plaintiff fails to fully comply with this Order, the Court will preclude him from calling an expert to testify at trial, and that ruling will influence the Court's disposition of Defendants' Motion For Summary Judgment (DE 59).

Therefore, the Court shall order Defendants to return the tire to Plaintiff's counsel <u>immediately</u>. And Plaintiff shall have thirty (30) days from the date of this Order to exchange an expert report with Defendants.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion To Compel Defendants To Return Tire To Plaintiff To Be Examined By Expert (DE 66) be and the same is hereby

**GRANTED;**

2. By noon on Monday, April 27, 2009, Defendants shall return the tire to Plaintiff's counsel;

3. By noon on Friday, May 22, 2009, Plaintiff shall exchange expert reports for any and all experts that will be called at trial; and

4. Upon failure of Plaintiff to comply with this Order, the Court shall preclude Plaintiff from calling an expert at trial.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___22nd___ day of April, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record